IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANGIE VEDDER, DAVID SELF, ) <br> DAVID R. BLEDSOE, MICHELE ) <br> CRABTREE-RAJO, DAVID E. ) <br> DAVIS, RON GREER, ANTHONY ) <br> B. HAMM, KATHERINE ) <br> HOLSAPPLE, DAVID L. LOVE, ) <br> JOHN MCCLOUD, LEONARD R. ) <br> NICHOLS, MICHAEL ) <br> STEADMAN, GLENDA ) <br> TALBERT, WANDA S. TEELE- ) <br> PATE, and VICTOR WILLIAMS, ) <br>   ) <br>   Plaintiffs, ) <br>   ) <br> vs. ) <br>   ) <br>   ) <br> DOLLAR TREE STORES, INC., ) <br>   ) <br>   Defendant. ) | CIVIL ACTION NUMBER: <br><br><br><br> JURY DEMAND |

# **COMPLAINT**

**COME NOW** the Plaintiffs, Angie Vedder, David Self, David R. Bledsoe, Michele Crabtree-Rajo, David E. Davis, Ron Greer, Anthony B. Hamm, Katherine Holsapple, David L. Love, John McCloud, Leonard R. Nichols, Michael Steadman, Glenda Talbert, Wanda S. Teele-Pate, and Victor Williams, and file this lawsuit

1

against Defendant, Dollar Tree Stores, Inc., for themselves, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action state the following:

All Plaintiffs affirmatively timely opted into a prior case against this Defendant - *Knott, et al. vs. Dollar Tree Stores, Inc.* (7:06-cv-01553-LSC). The *Knott* case was conditionally certified on April 12, 2007 and, on September 19, 2012, the District Court decertified the case. On November 2, 2012, the Court dismissed the opt-in plaintiffs without prejudice. The Court further invoked its equity powers to toll the applicable statutes of limitations for ninety (90) days from November 2, 2012. Therefore, the Plaintiffs' statute of limitations period is tolled until January 31, 2013. See Attached Exhibit A.

1.

Defendant is a foreign corporation conducting business in the State of Georgia. Defendant's registered agent for service in Georgia is CT Corporation System located 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

2.

Plaintiffs all currently reside in the State of Georgia.

3.

At all times material to this action, Plaintiffs were employed by Defendant at

one of its Georgia stores as a Store Manager.

4.

This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq. and specifically the provision of the Act found at §216(b) to remedy violations of the wage provisions of the FLSA by Defendant which have deprived Plaintiffs of their lawful wages.

5.

This action is brought to recover unpaid compensation, in the form of overtime compensation, owed to the plaintiffs, pursuant to the FLSA.   Defendant has had a uniform policy and practice of consistently requiring its Store Managers to work over 40 hours a week for a salaried amount without overtime compensation.

6.

Plaintiffs were employed with Defendant in the position of Store Manager. However, Plaintiffs' managerial duties were non-existent or extremely minimal as compared to other job duties regularly performed.   The plaintiffs perform(ed) minimal, if any, managerial duties. All, or nearly all, of their time is/was spent performing non-managerial functions, including, but not limited to the following: running the cash register, unloading trucks, stocking the shelves, sweeping the floors, cleaning the bathroom, sweeping the parking lot, counting inventory, pulling

old stock off of the shelves, etc.

7.

Plaintiffs' primary duty did not consist of the management of the location where he/she worked; rather, that responsibility was left to the District Manager. Plaintiffs did not have the authority to hire and fire assistant managers; did not have the authority to promote, give pay raises or discipline any hourly employees without authority from his/her District Manager nor were his/her suggestions or recommendation as to the hiring, firing or promotion of employees always accepted or given any particular weight by his/her District Manager.   The District Manager was empowered with this authority.

8.

Plaintiffs did not customarily and regularly exercise discretionary powers. Those duties were handled by the District Manager.

9.

Plaintiffs were paid a specified weekly salary.   Plaintiffs were not paid any overtime compensation despite the fact that the employees always worked more than 40 hours a week and the vast majority of his/her hours were spent performing non-managerial job duties. Plaintiffs seek unpaid overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C.

§216(b).

10.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.§1331.   Venue is proper in the Northern District of Georgia, Atlanta Division under 28 U.S.C. §1391(b).

11.

Defendant is subject to personal jurisdiction in the State of Georgia for the purpose of this lawsuit.

12.

At all times material to this action, Defendant was and are enterprises engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

13.

At all times relevant to this action, Defendant was the "employer" of Plaintiffs as defined by §203(d) of the FLSA.

14.

At all times material to this action, Plaintiffs was/were an "employee" of Defendant as defined by §203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States.

15.

The provisions set forth in §§206 and 207, respectively, of the FLSA apply to Defendant and the plaintiffs are or were covered by §§206 and 207 of the FLSA during their employment at Defendant.

16.

At all times relevant to this action, Defendant employed Plaintiffs in the capacity of Store Manager.

17.

Plaintiffs were required to perform non-managerial duties without overtime compensation.

18.

Defendant has intentionally failed and/or refused to pay Plaintiffs salary/rates according to the provisions of the FLSA.

19.

Defendant's systems and practices relating to their non-payment of overtime to the plaintiffs, which deprive the defendant of any FLSA overtime exemptions, have existed throughout Defendant's businesses.

20.

For at least three years, Defendant has been aware of the requirements of the

FLSA and its corresponding regulations and their own violations of the FLSA. Despite this knowledge, Defendant has failed to pay the plaintiffs the amount of pay as required.

21.

Defendant has intentionally and repeatedly misrepresented the true status of managerial compensation to their Store Managers as well as their entitlement to overtime compensation in order to avoid suspicion and inquiry by employees regarding their entitlement to monies owed to them.   Plaintiffs relied upon these misrepresentations by Defendant and were unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

22.

As a result of the actions of Defendant in fraudulently concealing the true status of their employees when performing managerial duties under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. §255(a) is tolled for as long as Defendant engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years.   Defendant is estopped from raising such statute of limitations as a bar.

23.

Defendant further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs in accordance with §207 of the FLSA.

24.

As a result of Defendant's violations of the FLSA, Plaintiffs have suffered damages by failing to receive compensation in accordance with §207 of the FLSA.

25.

In addition to the amount of unpaid wages and benefits owed to the plaintiffs, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

26.

Defendant's actions in failing to compensate Plaintiffs, in violation of the FLSA, were willful.

27.

Defendant has not made a good faith effort to comply with the FLSA.

28.

Plaintiffs are also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

29.

Plaintiffs have no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for lost overtime and wages, back-pay, declaratory judgment, injunctive relief, and compensatory and punitive damages is their only means of securing adequate relief.

30.

Plaintiffs are now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**WHEREFORE**, Plaintiffs pursuant to §216(b) of the FLSA, prays for the following relief:

1. Plaintiffs be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest.

2. Plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action.

3. Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

4. Plaintiffs further demand a jury to try the issues when joined.

**JURY DEMAND**

**THE PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY**

Respectfully submitted,

/s/ William Gregory Dobson
WILLIAM GREGORY DOBSON
Georgia Bar #237770
A. Danielle McBride
Georgia Bar # 800824
Counsel for the Plaintiff
LOBER, DOBSON & DESAI, LLC
830 Mulberry Street, Suite 201
Macon, Georgia 31201
(478) 745-7700
(478) 745-4888 (facsimile)

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS & QUINN, LLC
Gregory O. Wiggins
Kevin W. Jent
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

**DEFENDANT'S ADDRESS:**

**SERVE VIA CERTIFIED MAIL**
Dollar Tree Stores, Inc.
c/o CT Corporation System, Registered Agent
1201 Peachtree Street, NE
Atlanta, Georgia 30361