IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WANDA S. TEELE-PATE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 5:13-cv-183 (MTT) |
| | ) | |
| v. | ) | |
| | ) | |
| DOLLAR TREE STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff Wanda S. Teele-Pate and Defendant Dollar Tree Stores, Inc. ("Dollar Tree") (collectively the "Parties"), by and through their undersigned counsel, jointly move this Court to enter an order approving the settlement entered into by the Parties and dismissing this case in its entirety, with prejudice, by consent of all parties. In support of this Motion, the Parties state the following:

1. The Plaintiff in this action was an opt-in plaintiff in the decertified putative collective action *Knott et al v. Dollar Tree Stores, Inc.*, No. 7:06-cv-01553 (N.D. Ala). On September 19, 2012, the *Knott* court decertified the collective action after determining that the plaintiffs in that action "performed a wide array of differing exempt job duties with varying degrees of importance, [and] one group of them cannot reasonably be said to be representative of them all." *See Knott et al v. Dollar Tree Stores, Inc.*, No. 7:06-cv-01553 (N.D. Ala) Docket No. 515 (the "*Knott* action").

2. On January 30, 2013, after the *Knott* action was decertified, Plaintiff filed an individual action against Dollar Tree in the U.S. District Court for the Northern District of Georgia styled *Vedder et al., v. Dollar Tree Stores*, No. 1:13-cv-00315-AT (N.D. Ga.)("*Vedder*") alleging,

on an individual basis, that Dollar Tree violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") by classifying her as exempt from FLSA overtime requirements.

3. Upon Dollar Tree's motion, Plaintiff's claims were transferred to the U.S. District Court for the Middle District of Georgia, Macon Division in the individual action styled *Teele-Pate v. Dollar Tree Stores, Inc.*, 5:13-cv-193(MTT)("this Action") raising the same claims raised in *Vedder*.

4. Dollar Tree denies Plaintiff's allegations in their entirety and denies any violation of the FLSA. Dollar Tree asserts that, at all times relevant to her employment as a Dollar Tree Store Manager, Plaintiff was reasonably and properly classified as exempt from overtime, and on that basis, Plaintiff was not entitled to overtime pay.

5. In the course of discussions between counsel for the Parties, the Parties have agreed to resolve this matter and now seek the Court's approval of the settlement and dismissal of the case in its entirety, with prejudice. *See Lynn's Food Stores, Inc. vs. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982)(acknowledging "a policy of encouraging settlement of [FLSA] litigation."). Pursuant to the FLSA, claims for back wages and other damages arising under the FLSA may be settled or compromised with the approval of the district court or the Secretary of Labor. *See* 29 U.S.C. §216(b); *Lynn's Food Stores*, 679 F.2d at 1354; *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945). The Parties therefore request that this Court approve the Parties' Settlement. To do so, the Court must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353, 1355.

6. The Parties expressly agree that the settlement agreement between the Parties (the "Agreement") represent fair and equitable resolution of this matter. The terms of the Agreement are contingent upon approval by the Court. Thus, the Parties respectfully request that the Court approve

their Agreement and issue an Order dismissing the action in its entirety with prejudice, but retaining jurisdiction, as necessary, to enforce the parties' Agreement.

7. The Parties negotiated the terms of the Agreement at arms-length and in good faith. This settlement allows the Parties to avoid the significant time, expense and uncertainty of protracted litigation. Settlement is also a reasonable means for the Parties to minimize future risks and litigation.

8. All Parties have been represented, at all times, by experienced counsel. There has been sufficient investigation and discovery with respect to Plaintiff's claims in this matter and/or the *Knott* matter to allow counsel to act intelligently and to make an informed decision regarding settlement.

9. The Agreement contains strict confidentiality provisions, and settlement between the Parties would not be possible if the Agreement were not to remain confidential. Therefore, to allow the Court to approve the settlement, while at the same time preserving the confidentiality agreement between the Parties, the Parties respectfully request that they be permitted to provide information via joint teleconference with the Court, or, if this Court prefers, via in camera review of the Agreement entered into between the Parties.

10. This Court has inherent power over its dockets and processes to prevent the injustice to the Parties that could occur if the Agreement were placed in the public record in contravention of those terms. *See, e.g., Seattle Times Co. vs. Rhinehart*, 467 U.S. 20, 35 (1984)(courts have inherent power to "prevent abuses, oppression, and injustices.").

WHEREFORE, the Parties respectfully request that this Court 1) grant their joint motion for approval of their agreement to settle this case and 2) dismiss this case in its entirety, with prejudice,

but retain jurisdiction as necessary to enforce the Parties' settlement. The Parties are available at the Court's convenience for a teleconference to discuss the settlement terms. A proposed order is attached.

Dated: August 19, 2013

By: /s/KevinW. Jent
Gregory O. Wiggins
Kevin W. Jent
Wiggins, Childs, Pantazis & Quinn, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
Telephone: (205) 314-0500
Telefacsimile: (205) 254-1500
gwiggins@wcqp.com
kjent@wcqp.com

COUNSEL FOR PLAINTIFF

William G. Dobson
Georgia Bar No. 237770
A. Danielle McBride
Georgia Bar No. 800824
LOBER, DOBSON & DESAI, LLC
830 Mulberry Street, Ste. 201
Macon, Georgia 31201
Telephone: (478) 745-7700
Telefacsimile: (478) 745-4888
amcbride@lddlawyers.com

By: /s/William C. Barker
William C. Barker
Georgia Bar No. 037727
PAUL HASTINGS LLP
1170 Peachtree Street, NE Suite 100
Atlanta, GA 30309-9998
Telephone: (404) 815-2400
Telefacsimile: (404) 815-2424
corybarker@paulhastings.com

Carson H. Sullivan (admitted pro hac vice)
Regan A. W. Herald (admitted pro hac vice)
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC 20005
Telephone: (202) 551-1700
Telefacsimile: (202) 551-1705
carsonsullivan@paulhastings.com
reganherald@paulhastings.com

COUNSEL FOR DEFENDANT

DOLLAR TREE STORES, INC.

IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WANDA S. TEELE-PATE,<br>　　　Plaintiffs,<br><br>vs.<br><br>DOLLAR TREE STORES, INC.,<br><br>　　　Defendant. | Civil Action No. 1:13-cv-183(MTT) |

### [Proposed] ORDER

This matter is before the Court on the Parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice. Having considered the Parties' motion as well as additional information provided by the Parties, it is hereby ORDERED:

1.　That the Joint Motion for Approval of Settlement is GRANTED; and

2.　This case shall be DISMISSED, WITH PREJUDICE, in its entirety, with each party to bear his or her own costs.

3.　The Court shall retain jurisdiction over this case only for the purpose of enforcing the Parties' Agreement.

_____
United States District Judge